Filed 9/17/25  P. v. Johns CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C102611 |
| v. | (Super. Ct. No. 24CF02811) |
| CHRISTOPHER ALAN JOHNS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Christopher Alan Johns asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Andrew S. reported to the Butte County Sheriff's office that a 1,000-gallon gas trailer, worth between $15,000 and $20,000, was stolen from his farm.  He also provided the location identified by an AirTag attached to the trailer.  Deputies went to the location

1

and found a trailer matching the description of the stolen trailer. Approximately 30 yards away, defendant was working on his pickup truck. The truck had an attached hitch, which was the same kind of hitch necessary to tow the trailer. The bed of the truck was wet and smelled of gasoline. Deputies questioned defendant and advised him of his *Miranda*[1] rights. Defendant ultimately admitted that he took the trailer and the deputies arrested him. Subsequent investigation revealed that there were footprints at Andrew S.'s farm that were consistent with the shoes defendant was wearing at the time he was arrested.

A complaint charged defendant with grand theft (Pen. Code, § 487, subd. (a))[2] and felony receiving stolen property (§ 496, subd. (a)). It alleged that defendant had four prior strike convictions. (§§ 667, subds. (b)-(j), 1170.12.) Defendant pleaded guilty to grand theft in exchange for dismissal of the remaining count and allegations. He agreed to a maximum sentence of three years. Defendant waived his right to a jury trial on aggravating factors, and stipulated that the trial court could find aggravating factors and sentence him to the lower, middle, or upper term based on the probation report. On the People's motion, the remaining count and allegations were dismissed with a *Harvey*[3] waiver.

The trial court determined that the case was not an unusual case, denied probation, found that aggravating factors outweighed mitigating factors, sentenced defendant to the upper term of three years in state prison, imposed various fines and assessments, and awarded 272 days of presentence credit.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

[2] Undesignated statutory references are to the Penal Code.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                             \_\_\_\_\_/S/_____
                                           MAURO, Acting P. J.

We concur:

_____/S/_____
BOULWARE EURIE, J.

_____/S/_____
MESIWALA, J.